UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARFIELD WILLIAMS,

Plaintiff,

-against-

WESTCHESTER MEDICAL CENTER
HEALTH NETWORK, *et al.*,

Defendants.

21-CV-3746 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Pro se Plaintiff Garfield Williams ("Plaintiff") brings this action against Westchester

Medical Center Health Network, Kenneth Osario, Marcela Steger, and Jason Yoakum (together,

"Defendants") alleging racial discrimination in violation of 42 U.S.C. §1981, Title VII, and the

New York State Human Rights Law, retaliation and sex discrimination in violation of Title VII

and the New York State Human Rights Law, FMLA interference, violations of New York Labor

Law 196-B, violations of New York Labor Law § 741, breach of contract, and breach of the

covenant of good faith and fair dealing.  (*See generally* Am. Compl. (Dkt. No. 24).)  On

September 27, 2022, this Court granted Defendants' Motion to Dismiss the Amended Complaint.

(Dkt. No. 41.)

Plaintiff has requested the appointment of counsel after the death of his attorney.  (*See*

Dkt. No. 53.)  Although there is not a constitutional right to counsel in civil cases, the Court has

the authority to appoint counsel for indigent parties.  *See* 28 U.S.C. § 1915(e)(1).  Yet, "[b]road

discretion lies with the district judge in deciding whether to appoint counsel pursuant to this

provision."  *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  When analyzing whether

appointment of counsel is appropriate, the Court should undertake a two-step inquiry.  *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003).

First, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'"  *Id.* (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (internal quotation marks omitted)).  In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success.  *Hodge*, 802 F.2d at 60 (internal quotation marks omitted).  In making this determination, the Court construes pleadings drafted by pro se litigants liberally, and interprets them to raise the strongest arguments that they suggest.  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York,* 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).  Second, "[i]f the claim meets this threshold requirement," the Court should proceed to consider other prudential factors such as Plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'"  *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before

appointment will even be considered." (internal quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Plaintiff has demonstrated he attempted to engage counsel— he has "contacted several attorney offices" and stated that two law offices reviewed his case but could not represent him based on the "status of the case (dismissed without prejudice, with time to amend the complaint granted)." (*See* Dkt. No. 53.)  However, Plaintiff has not established that he is unable to retain counsel—it is unclear how many attorneys Plaintiff has contacted and what the breadth of his search has been.  Because Plaintiff has not demonstrated he is unable to retain counsel, his request should be denied.  *See Moritz v. Town of Goshen*, No. 15-CV-5424, 2015 WL 13877589, at *1 (S.D.N.Y. Dec. 22, 2015) (denying application to request pro bono counsel where it was "unclear how many lawyers [the pro se defendant] ha[d] contacted and whether she ha[d] fully exhausted all possible efforts to obtain counsel"); *Wright v. Condit*, No. 13-CV-2849, 2015 WL 127866, at *2 (S.D.N.Y. Jan. 7, 2015) (denying the plaintiff's motion to appoint pro bono counsel despite the fact that he "ha[d] indeed attempted to obtain the assistance of counsel ... [and] ha[d] provided information indicating that he ha[d] contacted a number of attorneys and legal service agencies"); *Hesse v. SunGard Sys. Int'l*, No. 12-CV-1990, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (noting that the plaintiff's failure to contact clinics and non-profits meant the "search was not exhaustive").

Putting aside Plaintiff's failure to demonstrate he is unable to obtain counsel, this Court notes that it dismissed Plaintiff's Amended Complaint for failure to state a claim.  (Dkt. No. 41.) Even if the Court assumes a second amended complaint would have "some likelihood of merit"

3

such that it satisfies the threshold requirement under *Hodge,* as to the second inquiry regarding prudential factors, the Court finds that Plaintiff has not demonstrated why he needs counsel. *Johnston*, 606 F.3d at 41 (internal quotation marks omitted); *see also McCray v. Lee*, No. 16-CV-1730, 2020 WL 4229907, at *2 (S.D.N.Y. July 23, 2020) (assuming for the purpose of the application for pro bono counsel that the plaintiff's claims had "some likelihood of merit"); *Ahmad v. White Plains City Sch. Dist.*, No. 18-CV-3416, 2020 WL 3972274, at *3 (S.D.N.Y. July 14, 2020) (same); *Simmons v. Diaz*, No. 17-CV-8886, 2018 WL 11258138, at *4 (S.D.N.Y. May 8, 2018) (same).  The only reason Plaintiff provides for his need for an attorney is that his attorney "died unexpectedly" and his "case is already far [a]long."  (*See* Dkt. No. 53.)  However, Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage."  *Mena v. City of New York,* No. 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013); *see also Castro v. Manhattan East Suite Hotel*, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003) (denying appointment of counsel to plaintiff who alleged that he was terminated based on race discrimination because "the case does not present novel or overly complex legal issues, and there is no indication that [plaintiff] lacks the ability to present his case").  Plaintiff's claim is largely based on the retelling of events that happened in his presence and "do[es] not appear to require outside investigation."  *Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009).

Additionally, generally, a "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel."  *Trauman v. Ocasio DDS*, No. 11-CV-6061, 2012 WL 114242, at *1 (S.D.N.Y. Apr. 4, 2012); *see also West v. Brickman*, No. 07-CV-7260, 2008 WL 330373, at *2 (S.D.N.Y. Aug. 6, 2008) (noting that a "lack of knowledge in civil law" does not justify a request for counsel (alteration omitted)).  Furthermore, Plaintiff has "not indicated . . .

4

what additional facts . . . could be gathered and investigated only through the aid of counsel [which] might be crucial to [Plaintiff's] ability to substantiate his claim[s]." *Guzman v. Jacobson*, No. 98-CV-2865, 1999 WL 199068, at *1 (S.D.N.Y. Apr. 9, 1999).

Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers" and provides such solicitude as "a function of their necessary inexpertness in the law," *Hayes v. Dep't of Educ.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014) (internal quotation marks omitted), Plaintiff has not provided the Court with sufficient grounds to determine that appointment of counsel would be more likely to lead to a just determination in this case.

For the reasons stated above, as well as the consideration that "[v]olunteer lawyer time is a precious commodity," *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), Plaintiff's request for assignment of counsel is denied without prejudice.  Plaintiff may renew his request and provide the Court with additional information regarding any change of circumstances that would support a renewed application.

The Clerk is respectfully directed to terminate the pending Application, (*see* Dkt. No. 53), and to mail a copy of this Order to Plaintiff at the address listed on the docket.

SO ORDERED.

Dated:  April 26, 2023
        White Plains, New York

KENNETH M. KARAS
United States District Judge