UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────X

GARFIELD WILLIAMS,                                   Case No. 21-CIV-3746-KMK

        Plaintiff,

  v.

WESTCHESTER MEDICAL CENTER                           **MEMO ENDORSED**
HEALTH NETWORK, MARCELA STEGER,
JASON YOAKUM & KENNETH OSARIO,

        Defendants.
─────────────────────────────────────X

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING LEAVE TO AMEND COMPLAINT

Plaintiff, Garfield Williams, respectfully submits this Motion for Reconsideration pursuant to Rule 59(e) and/or Rule 60(b) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3, requesting that this Honorable Court reconsider its February 28, 2025 Order denying Plaintiff leave to file a Fourth Amended Complaint. In support thereof, Plaintiff states as follows:

### I. INTRODUCTION

On February 28, 2025, this Court denied Plaintiff's Motion to Amend on the grounds that Plaintiff had ample time to file amended complaints and could have included the relevant allegations in prior pleadings. However, reconsideration is warranted because the newly discovered **recording of a 2019 conversation** provides material details that Plaintiff did not previously remember and could not have reasonably included in earlier complaints. This recording strengthens Plaintiff's claims by **confirming that Defendant Kenneth Osorio was fully aware of the escalating harassment against Plaintiff and chose not to intervene, prioritizing operating room (OR) stability over workplace fairness**. The recording directly ties Osorio's inaction to Plaintiff's wrongful termination, making it critical that this evidence is considered.

### II. LEGAL STANDARD

A motion for reconsideration under Local Civil Rule 6.3 and Federal Rules of Civil Procedure 59(e) and 60(b) may be granted where there is **(1) newly discovered evidence**, **(2) clear error or manifest injustice**, or **(3) an intervening change in controlling law**. See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). Courts recognize that reconsideration is appropriate when new evidence **was not previously available** despite diligence. See Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc., 970 F.3d 133, 143 (2d Cir. 2020).

### III. ARGUMENT

**A. The Recording Constitutes Newly Discovered Evidence**

Plaintiff recently uncovered a recording of an October 23, 2019, conversation that **materially strengthens his claims**. Prior to obtaining the recording, Plaintiff had **no independent recollection of the full substance** of that conversation. Courts have recognized that reconsideration is warranted when a party was previously unable to recall critical details but later discovers objective proof that substantiates their claims. See, e.g., United States v. International Brotherhood of Teamsters, 247 F.3d 370, 392 (2d Cir. 2001) (reopening case where newly discovered evidence was not reasonably obtainable earlier).

Here, the **recording** provides a clear and specific account of the conversation that Plaintiff could not recall in prior pleadings. The Court's denial of amendment was based on an assumption that Plaintiff could have included details from memory—but **memory gaps do not preclude the discovery of new, materially significant evidence**.

Furthermore, **the recording provides clarity on key facts that were only partially alleged in the Third Amended Complaint**. At the time of filing, Plaintiff did his best to relay Defendant Osorio's awareness of the situation based on memory but given that the original and amended complaints were drafted years after the events in question, Plaintiff could not fully recall or articulate the extent of Osorio's knowledge. The recording now **makes explicit what was previously inferred**:

- **What was originally alleged:** Plaintiff alleged in **Paragraphs 80, 138-141, and 61-63** of the Third Amended Complaint that Osorio was aware of the racial harassment and discriminatory treatment he faced but did not act.

- **What the recording confirms:** The recording verifies that Osorio not only knew about the discrimination but also acknowledged its severity and progression, including specific incidents of retaliation.

- **What was originally alleged:** Plaintiff previously stated that Osorio should have taken disciplinary action but did not explicitly detail Osorio's reasoning.

- **What the recording confirms:** The recording reveals that Osorio admitted disciplinary action should have been taken but was not, even as multiple witnesses confirmed the harasser's inappropriate behavior.

- **Osorio's own investigation confirmed the misconduct:** The recording confirms that Osorio spoke to other witnesses who corroborated how inappropriate Nurse Marcela Steger's behavior was, yet he still failed to take action.

- **Eddie's verification of escalation:** The recording further reveals that Eddie separately confirmed that the harassment had escalated, as other nurses allied with Steger became involved, making the situation worse.

- **What the recording further establishes:** Osorio acknowledged that Nurse Marcela Steger's conduct rose to the level of a potentially fireable offense and expressed disgust at her actions. Despite this, Osorio failed to take meaningful corrective action, allowing the harassment to continue unchecked.

- **Osorio's Prioritization of the OR Over Justice:** The recording proves that Osorio prioritized maintaining an orderly operating room (OR) over addressing harassment. This same reasoning later persuaded him to assist in Plaintiff's termination, even though he was aware that the true instigators of the workplace hostility were being shielded. **The newly uncovered evidence confirms that Osorio, despite his knowledge, actively facilitated the decision to fire Plaintiff rather than addressing the root cause of workplace hostility.**

This contrast highlights a **significant expansion of the factual record**, justifying reconsideration. The recording does not merely reiterate what was already pleaded—it **removes ambiguity and establishes direct, recorded admissions of knowledge and inaction, along with a clear link to Plaintiff's firing**.

**B. The Amendment Will Not Prejudice Defendants or Cause Undue Delay**

Defendants will not suffer undue prejudice if this amendment is permitted. The proposed Fourth Amended Complaint does not introduce new claims but **clarifies and substantiates existing ones**. Courts generally allow amendments when they do not unduly delay proceedings or introduce entirely new legal theories. See Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).

Here, discovery is not yet completed, and allowing the amendment will not require reopening dismissed claims or imposing an undue burden on Defendants.

**C. The Court Should Consider the Mere Existence of the Recording**

The **existence of a verified recording** changes the weight of the evidence before the Court. Given that motions to dismiss evaluate the **plausibility** of claims, an objective recording **should be considered as part of the complaint** before the Court rules on dismissal. The **recording removes any doubt** regarding Defendant Osorio's awareness and failure to act, which directly supports Plaintiff's claims of retaliation and discrimination as indicated in Paragraphs 80, 138-141, and 61-63 of the Third Amended Complaint.

**D. Denial of Amendment Results in Manifest Injustice**

A refusal to allow amendment under these circumstances **would unfairly prejudice Plaintiff** by preventing him from presenting key evidence that supports his claims. The Second Circuit has recognized that **manifest injustice** occurs when a court's ruling effectively prevents a party from advancing their case despite valid justifications. See Williams v. Citigroup Inc., 659 F.3d 208, 212 (2d Cir. 2011).

Given the importance of the newly uncovered recording and Plaintiff's pro se status, **justice requires** that the Court permit Plaintiff to amend his complaint.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court reconsider its February 28, 2025 Order and grant leave for Plaintiff to file a Fourth Amended Complaint.

Dated:    Bronx, New York

March 03, 2025

/s/ Garfield Williams
Garfield Williams
1562 Thieriot Ave Apt 1C
Bronx, NY 10460
garfield.a.williams@gmail.com

Denied. As the Motion to Dismiss has already been decided, (Dkt. No. 115), the Motion to Amend is moot. Furthermore, as noted in the Court's previous Order (Dkt. No. 106), (i) the Court's job is not to weigh evidence at the Motion to Dismiss stage, and (ii) Plaintiff's explanation of his failure to allege any conversation between himself and Osario cannot be explained by the unavailability of the recording. The Clerk of Court is respectfully directed to terminate the pending motion (Dkt. No. 110), and mail a copy of this order to Plaintiff.

SO ORDERED.

April 2, 2025