UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Garfield WILLIAMS,

                        Plaintiff,

    v.

WESTCHESTER MEDICAL CENTER
HEALTH NETWORK, *et al*.

                        Defendants.

No. 21-CV-3746 (KMK)
ORDER

KENNETH M. KARAS, United States District Judge:

      Pro se Plaintiff Garfield Williams ("Plaintiff") brings this Action pursuant 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, and New York State Human Rights Law against Defendants Westchester Medical Center Health Network ("WCHCC"), Marcela Steger, and Jason Yoakum (collectively, "Defendants"). (*See* Am. Compl. (Dkt. No. 78).) Plaintiff submitted a Motion to Appoint Counsel on June 16, 2025. (*See* Dkt. No. 121.) For the following reasons, Plaintiff's request is denied without prejudice.

      Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203–04 (2d Cir. 2003). First, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'" *Id.* at 203 (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010)

("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (internal quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (internal quotation marks omitted). In making this determination, the Court construes pleadings drafted by pro se litigants liberally and interprets them "to raise the strongest arguments that they suggest." *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted); *Sommersett v. City of New York*, 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).

If the threshold requirement is met, the Court should proceed to consider other prudential factors such as the plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (internal quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Here, Plaintiff avers that he has contacted three law firms. (*See* Dkt. No. 121.) He alleges that each law firm declined to take his case on a contingency fee basis, and the fees for retaining each of the law firms significantly exceed his financial means. (*See id*.) Plaintiff provided substantial detail about his attempts, including the names of the law firms that he contacted. (*See id*.)

However, in order to meet the requirements of § 1915(e)(1), Plaintiff must allege that he "is *unable* to retain counsel," and that he has "exhausted [his] search." *Rosa v. Pathstone Corp.*, No. 23-CV-1071, 2023 WL 8778236, at *2 (S.D.N.Y. Dec. 19, 2023). The Court recognizes that Plaintiff has made effort to obtain an attorney, but nevertheless finds that Plaintiff has not *exhausted* his options, given that he did not, for example, contact non-profit organizations or legal clinics. *See Aguiree v. Rising Ground*, No. 23-CV-3986, 2023 WL 4187385, at *2 (S.D.N.Y. June 26, 2023) (finding that the plaintiff had not exhausted her options even though she contacted several attorneys); *Hesse v. SunGard Sys. Int'l*, No. 12-CV-1990, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (holding that [the plaintiff's] search for an attorney was not exhausted because he had not attempted to obtain counsel through legal clinics or other non-profit organizations).

Setting aside Plaintiff's failure to demonstrate that he is unable to retain counsel after exhausting his search—and even assuming the Plaintiff's remaining allegations have "some likelihood of merit" as required under *Hodge*—the Court finds that Plaintiff has not demonstrated why counsel should be appointed to represent him in light of the second inquiry under *Hodge* concerning prudential factors. *See Culbreth v. Orange Cnty. Jail*, No. 24-CV-75, 2024 WL 1178850, at *1–2 (S.D.N.Y. Mar. 19, 2024)) (assuming that the plaintiff's claim had "some likelihood of merit" for the purposes of *Hodge* analysis and proceeding to analyze

3

prudential concerns); *Shelby v. Petreucci*, No. 23-CV-4315, 2023 WL 6623180, at *1–2 (S.D.N.Y. Oct. 11, 2023) (same).

Plaintiff's explanation for his need for an attorney is that he "risk[s] being outmatched in [the] next phase and undermining the progress [he has] made." (*See* Dkt. No. 121 at 2.) Plaintiff also mentions his unemployment and his inability to afford a counsel in the motion. (*See id*.)

Courts have held that the plaintiff's indigence is insufficient to entitle him to counsel in civil cases. *See, e.g.*, *Carlton v. Pearson*, 351 F. Supp. 3d 265, 269 (W.D.N.Y. 2018) (denying a prison inmate his application to appoint counsel); *Foggie ex rel. Geronimo v. Comm'r of Soc. Sec.*, 243 F. Supp. 2d 2, 4 (S.D.N.Y. 2003) (holding that the appointment of counsel for an indigent plaintiff is not warranted because the case does not present novel or overly complex legal issues and the plaintiff does not demonstrate that she lacks the ability to present the case); *Rissman v. City of New York*, No. 01-CV-6284, 2002 WL 31499003, at *2 (S.D.N.Y. Nov. 8, 2002) (denying the application for Counsel from a plaintiff that is in debt). Plaintiff's indigence does not outweigh the remainder of the *Hodge* analysis outlined below.

Plaintiff's claims are largely based on a retelling of events that happened in his presence, and therefore do not "appear to require outside investigation." *Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009); *see also Artis v. Phelps Mem'l Hosp. Ass'n*, No. 23-CV-9827, 2024 WL 1307223, at *2 (S.D.N.Y. Mar. 27, 2024) (declining to appoint counsel where the plaintiff had not demonstrated that the appointment of counsel would be necessary to investigate any relevant factual allegations); *Gibson v. Mount Vernon Montefiore Hosp. Exec. Dir.*, No. 22-CV-4213, 2022 WL 17325612, at *3 (S.D.N.Y. Nov. 29, 2022) ("Plaintiff has not indicated what additional facts could be gathered and investigated only

through the aid of counsel which might be crucial to Plaintiff's ability to substantiate his claims." (internal quotations and citations omitted) (internal alterations adopted)).

Plaintiff claims that the case involves "depositions, complex document production, and legal arguments that are well beyond [his] capacity as a pro se litigant." (*See* Dkt. No. 121 at 2.) However, the fact that Plaintiff's complaint survived Defendant's Motion to Dismiss—and is entering the discovery phase—does not guarantee appointment of counsel as "an attorney need [not] be appointed in every case which survives a motion to dismiss.... Plaintiff's ability to gather and present crucial facts should be heeded, as should the complexity of the legal issues raised in the complaint." *Hodge*, 802 F.2d at 60 (quoting *Jenkins v. Chem. Bank*, 721 F.2d 876, 880 (2d Cir. 1983) (citing *Merritt v. Faulkner*, 697 F.2d 761, 764 (7th Cir.), (1983)). Courts in the Second Circuit have denied motions to appoint counsel even where the plaintiff's claim survived a motion to dismiss. *See, e.g.*, *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989) (denying plaintiff's request for counsel even where plaintiff's claims survived a motion to dismiss appeal); *Greathouse v. NYS Dep't of Corr. & Cmty. Supervision*, No. 23-CV-6192, 2023 WL 6294261, at *3 (S.D.N.Y. Sept. 27, 2023) (holding that the court "cannot conclude based on the allegations therein that [p]laintiff's chances of succeeding on the merits justify the appointment of pro bono counsel" even though plaintiff's motion survived the motion to dismiss); *Grant v. Shields*, No. 19-CV-1188, 2022 WL 3587754 (W.D.N.Y. Aug. 22, 2022) (denying appointment of counsel despite that plaintiff's claim survived a motion to dismiss); *Quadir v. New York State DOL*, 39 F. Supp. 3d 534, 543 (S.D.N.Y. 2014) (denying request for appointment of counsel even while holding that certain of plaintiff's claims survived the motion to dismiss); *Calderon v. State of Connecticut Dep't of Corr.*, No. 04-CV-1562, 2006 WL 3085716, at *12 (D. Conn. Sept. 1, 2006) (denying plaintiff's motion to appoint counsel even

5

though certain claims survived a motion to dismiss); *Castro v. Manhattan E. Suite Hotel*, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003) (denying appointment of counsel notwithstanding the fact that plaintiff's claim survived a motion to dismiss because "the case does not present novel or overly complex legal issues, and there is no indication that [plaintiff] lacks the ability to present his case").

Courts in the Second Circuit have found the appointment of counsel during discovery appropriate in circumstances not found in this case, such as: where a plaintiff was incarcerated, *see*, *e.g.*, *Hendricks v. Coughlin*, 114 F.3d 390, 394 (2d Cir. 1997); *Bright*, 2025 WL 1381269, at *4; *Ajaj v. Mackechnie*, No. 07-CV-5959, 2008 WL 3884375, at *3 (S.D.N.Y. Aug. 20, 2008)) or where a plaintiff was suffering from severe mental health issues, *see, e.g., Golubovych v. Saks 5th Ave., Inc.*, No. 22-CV-9923, 2024 WL 4135251, at *3 (S.D.N.Y. Sept. 10, 2024); *Syville v. City of New York*, No. 19-CV-9988, 2020 WL 9171113, at *1, *3 (S.D.N.Y. May 8, 2020); *Butler v. Heath*, No. 12-CV-3327, 2012 WL 4494270, at *3 (S.D.N.Y. Sept. 28, 2012)). Plaintiff has failed to allege any analogous circumstances which would counsel in favor of the appointment of an attorney at this stage. (*See generally* Dkt. No. 121.)

Furthermore, Plaintiff has not alleged that his claims are "so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage," and courts have held that Title VII cases similar to this one are not so complex as to warrant the appointment of counsel. *See Hesse*, 2013 WL 174403, at *2 (rejecting application for appointment of counsel where the plaintiff alleged violation of his rights under Title VII); *Dean v. New York City Transit Auth.*, 297 F. Supp. 2d 549, 558, (E.D.N.Y. 2004) (same); *Harrison v. New York City Admin. For Children's Servs.*, No. 02-CV-947, 2002 WL 2022871, at *1 (S.D.N.Y. Sept. 3, 2002) (same).

6

Indeed, Plaintiff has thus far been able to coherently represent himself and his claims to the Court, which cuts against his request. *See Phillips v. White Plains Hosp.,* No. 23-CV-11326, 2024 WL 2979374, at *3 (S.D.N.Y. June 12, 2024) ("Plaintiffs have demonstrated their ability to present the case themselves through their submissions in this instant Action that adequately express their arguments and desired relief."); *Culbreth*, 2024 WL 1178850, at *3 (same); *Akinlawon v. Polonco*, No. 21-CV-2621, 2023 WL 8772672, at *3 (S.D.N.Y. Dec. 19, 2023) (same).

For the reasons stated above, Plaintiff's request is denied without prejudice. Plaintiff may renew this request and provide the Court with additional information regarding his circumstances if they materially change. The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and to terminate the pending motion. (Dkt. No. 121.)

SO ORDERED.

Dated:  August 4, 2025
        White Plains, New York

KENNETH M. KARAS
United States District Judge

7